UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 6:21-CR-00288-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **KAREN HAWKINS GIER (01)** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM ORDER

Before the Court is a letter dated October 25, 2023 and authored by Defendant Karen Hawkins Gier, which the Court considers as a Motion for Compassionate Release (Doc. 270).

## INTRODUCTION

Mrs. Gier was convicted of Conspiracy to Commit Wire Fraud and was sentenced on June 29, 2023, to a term of imprisonment of seventy (70) months. She reported to the Bureau of Prisons on or about August 28, 2023. Ms. Gier has a direct appeal which is currently on appeal.

## LAW AND ANALYSIS

The Government asserts that this Court does not have jurisdiction to grant Mrs. Gier's motion because of the pending direct appeal. See *e.g. United States v. Pena*, 2020 WL 2798259, at *1 (D. Mass. May 29, 2020) ("Because Pena has appealed his sentence, and that appeal is pending, the court does not have jurisdiction to grant the Motion [for compassionate release] without a remand from the First Circuit"); *United States v. Johnson*, 2020 WL 3041923, at *7 n. 7. (D.D.C. May 16, 2020) ("A motion to modify a prison term

pursuant to section 3582(c) is not one of the two established exceptions to the divestiture of a district court's jurisdiction over a matter pending appeal. . . . Thus, courts have consistently held that district courts lack authority to grant motions for compassionate release pursuant to section 3582 (c) while an appeal is pending." *United States v. Vigna*, 2020 WL 1900495, at *3 (S.D.N.Y. Apr. 17, 2020) (finding no authority to decide § 3582(c)(1)(A) motion while direct appeal of sentence was pending and denying it without prejudice under Rule 37(a)).

Additionally, Rule 37 (a) grants a district court jurisdiction to *deny* a compassionate release motion while a direct appeal is pending, but not to grant it. *See United States v. Gowder*, 2021 WL 1328601, *2 (6th Cir. 2021). ("The district court usually loses jurisdiction over a case once a party files a notice of appeal. *See Dixon v. Clem*, 492 F.3d 665, 679 (6th Cir. 2007). But "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may…deny the motion." Fed. R. Crim. P. 37(a)(2). A district court therefore has jurisdiction under Rule 37(a) to deny a defendant's motion for compassionate relief that was filed while his direct appeal is pending.") As such, this Court does not have jurisdiction to grant Mrs. Gier's request. Accordingly,

**IT IS ORDERED** that the Motion for Compassionate Release is **DENIED.**

**THUS DONE AND SIGNED** in Chambers this 28th day of November, 2023.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**